02 CV 10504 NG

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

A.C.E. INTERNATIONAL    )
COMPANY, INC.,    )
      Plaintiff    )
    )    Civil Action No.
v.    )
    )
KEMPER USA,    )
      Defendant    )

## VERIFIED COMPLAINT AND JURY DEMAND

The Plaintiff complains against the Defendant as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

## THE PARTIES

1.    The Plaintiff, A.C.E. INTERNATIONAL COMPANY, INC., is
a corporation duly organized and existing under the laws of the
Commonwealth of Massachusetts having a place of business at 85
Independence Drive, Taunton, Massachusetts.  The Plaintiff is
engaged in the manufacturing and sale of protective safety
equipment including, but not limited to, welding helmets,
filter lenses for welding helmets, etc.

2.    On information and belief, Defendant, KEMPER USA, is
a corporation duly organized and existing under the laws of the
State of Georgia, having its principal place of business at
6679 Peach Tree Boulevard, N.W., Norcross, Georgia.  On

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

1



information and belief, Defendant is engaged in the business of selling and/or distributing welding helmets and filter lenses for welding helmets.

## NATURE OF ACTION

3.   This action, as hereinafter more fully appears, arises under the trademark laws of the United States, 15 U.S.C. Secs. 1051, et seq., and false designation of origin and false description in violation of 15 U.S.C. Section 1125(a) and also asserts related claims including unfair competition claims arising under the federal and state common law of unfair competition and trademark infringement including M.G.L. Chapter 93A, Secs. 2 and 11, M.G.L. Chapter 110B, Sec. 12.

## JURISDICTION AND VENUE

4.   Jurisdiction is based upon 28 U.S.C. Secs. 1331, 1332 and 1338; and jurisdiction pendent thereto.  On information and belief, the amount in controversy exceeds, exclusive of interest and costs, $50,000.00.

Venue is proper in this district as to the Defendant under 28 U.S.C. Sec. 1391 in that the Defendant transacts and conducts business in New England, including Massachusetts.

5.   On information and belief, Defendant regularly solicits, transacts, and does business in, engages in regular

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

and persistent courses of conduct including sales and
advertising in and/or derives substantial revenues from persons
residing in the Commonwealth of Massachusetts and this District
and derives substantial revenues from interstate commerce.

6.    Upon information and belief, the acts of Defendant
herein complained of both within and without the Commonwealth
of Massachusetts, and this District, have caused and continue
to cause injury to Plaintiff and to Plaintiff's property in
this District and interstate commerce and Defendant knows such
acts to have such consequences within this District and
interstate commerce.

## BACKGROUND OF THE CONTROVERSY

7.    The Plaintiff is the owner of all right, title and
interest in and to United States Registration No. 2,208,300
entitled "SHADEMASTER" which was granted by the United States
Patent and Trademark Office to Plaintiff on December 8, 1998
and attached hereto and marked as Exhibit "A" is a copy of
United States Registration No. 2,208,300.

8.    At least as early as November of 1994, the Plaintiff
adopted the mark "SHADEMASTER" (hereinafter the "MARK") and
began using the MARK in connection with its goods.  Since
Plaintiff's original adoption of the MARK over seven (7) years
ago, Plaintiff has continuously promoted and used the MARK in

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

3

connection with its goods namely, filter lenses for welding helmets.

9.   Since at least 1994, Plaintiff has expended substantial amounts in extensively advertizing and promoting the MARK in conjunction with its goods sold under the MARK. Plaintiff's MARK used in conjunction with its goods has become widely recognized and is advertised by Plaintiff in numerous trade journals, videos, power point presentations and trade shows, and Plaintiff has engaged in other promotional activities devoted to promoting the MARK.

10.  Since at least 1994, Plaintiff has continuously and without interruption used the MARK in association with its goods.

11.  As a result of the extensive goods sold by Plaintiff under the MARK in interstate commerce, and the great promotional efforts and advertising of Plaintiff's goods in connection with the MARK, the MARK has become an important symbol of the extensive goodwill of the Plaintiff.  The public has come to know the MARK as identifying Plaintiff as a source of high quality filter lenses for welding helmets and related goods.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

## DEFENDANT'S ADOPTION AND USE OF THE MARK

12.   The Defendant is selling and/or distributing welding helmets and/or similar products utilizing the MARK to the world.

13.   The Defendant, on information and belief, sells or distributes welding helmets which contain the incorrect strength or type of filter lenses with the MARK thereon which adversely effects the Plaintiff's goodwill in the industry.

14.   A comparison of Plaintiff's MARK "SHADEMASTER" and Defendant's MARK "SHADEMASTER" shows that the MARKS are identical and that the Defendant deliberately copied Plaintiff's MARK.

15.   Upon information and belief, Defendant had actual knowledge of Plaintiff's MARK and of Plaintiff's extensive use of the MARK prior to the adoption and usage of the same by the Defendant.

16.   Plaintiff's attorneys sent the Defendant a letter notifying Defendant of Plaintiff's objections to Defendant's use of the MARK demanded that such use cease.  Notwithstanding the protest of Plaintiff, Defendant has refused to cease using the MARK and is continuing such use.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

5

17.  Plaintiff has not authorized or licensed or otherwise
consented to the use of the MARK by Defendant or any other
third party.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT

18.  Plaintiff incorporates by reference paragraphs 1 to
17 herein.

19.  This is a cause of action for unfair competition and
infringement of a trademark and arises under the trademark laws
of the United States, 15 U.S.C. Secs. 1051, et seq, and
specifically 15 U.S.C. Sections 1115 and 1125(a).

20.  By virtue of the aforesaid extensive use, advertising
and promotion of the MARK in connection with Plaintiff's goods,
the public has come to associate the MARK with the goods sold
by Plaintiff and Plaintiff has acquired extensive goodwill and
reputation which is symbolized and represented by the MARK.

21.  Defendant's use of the term "SHADEMASTER" in
connection with the sale of filter lenses for welding helmet is
likely to cause confusion, mistake or deception as to the
origin of Plaintiff's goods, and is likely to mislead

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

6

purchasers and potential purchasers to believe that the
Defendant is affiliated with the Plaintiff.

22.   By virtue of the aforesaid extensive use, advertising
and promotion of the MARK, the MARK has come to serve as a
designation of origin of Plaintiff's goods and as a symbol of
the goodwill which Plaintiff has established for its goods.

23.   The use by Defendant of the MARK in connection with
the sale, advertising, and promotion of its goods in commerce
constitutes a false designation of origin and false description
or representation, including words or other symbols which tend
to falsely describe or represent Defendant's goods which
Defendant has caused to enter into commerce.

24.   Defendant's aforesaid acts of false designations of
origin and representations in violation of 15 U.S.C. Sec. 1051
have caused great damage to Plaintiff.

25.   Defendant's aforesaid false designations of origin
and false representations in violation of 15 U.S.C. Sec. 1051
have caused irreparable harm to Plaintiff, and will continue to
cause such irreparable harm unless and until these acts are
enjoined by the Court.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

7

## SECOND CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT

26. Plaintiff incorporates by reference paragraphs 1 to 25 herein.

27. This is an action for trademark infringement and unfair competition under the common law of the United States and Massachusetts.

28. Defendant has advertised and promoted its goods under the MARK at least within the Commonwealth of Massachusetts.

29. On information and belief, Defendant transacts business in locations both within the Commonwealth of Massachusetts and within the District.

30. Defendant's aforesaid adoption and use of the MARK within the Commonwealth of Massachusetts constitutes common law trademark infringement of Plaintiff's rights in and to the MARK.

31. Defendant's aforesaid activities also constitute unfair competition with Plaintiff by creating confusion as to the source or distributorship of goods sold by Defendant under

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

8

the MARK, thereby injuring the reputation and goodwill of Plaintiff in and to the MARK.

32.  Defendant's aforesaid acts of trademark infringement and unfair competition have caused great damage to Plaintiff.

33.  Defendant's aforesaid acts of trademark infringement and unfair competition have caused irreparable harm to Plaintiff, and will continue to cause such irreparable harm unless and until these acts are enjoined by the Court.

### THIRD CAUSE OF ACTION

### DILUTION OF MARK

34.  Plaintiff incorporates by reference paragraphs 1 to 33 herein.

35.  This is a cause of action for dilution of trademark valid under the common law of Massachusetts and injury to business reputation.  Jurisdiction arises under M.G.L. chapter 110B, Sec. 12.

36.  Defendant's unauthorized use of the MARK has diluted and is diluting the distinctive quality of Plaintiff's goods and Plaintiff's MARK.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

9

37.   Defendant's unauthorized use of the MARK, has caused and is likely to cause injury to the fine business reputation of Plaintiff in connection with its filter lenses for welding helmets.

38.   By virtue of Defendant's unauthorized use of the MARK, consumers have confused and are likely to confuse the source of Defendant's goods as originating with Plaintiff and vice versa, causing injury to Plaintiff's fine business reputation and diluting the distinctiveness of Plaintiff's MARK.

39.   Defendant's aforesaid acts in violation of M.G.L. chapter 110B, Sec. 12 have caused irreparable harm to Plaintiff, and will continue to cause such irreparable harm unless and until these acts are enjoined by this Court.

## FOURTH CAUSES OF ACTION

### FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(A) of THE LANHAM ACT BY VIRTUE OF USE OF MISLEADING AND IMITATION TRADE DRESS

40.   The Plaintiff incorporates by reference paragraphs 1 to 39 herein.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

41.   This cause of action arises pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42.   The Defendant sells filter lenses for welding helmets and imprints on the filter lenses the mark "SHADEMASTER" which is the exact same mark as the Plaintiff's MARK.   The MARK has been continuously used by the Plaintiff since at least 1994 and has acquired a "secondary meaning" and/or have been distinctive in the minds of purchasers of the Plaintiff's filter lenses as being associated exclusively with the Plaintiff.   The mark used on the Defendant's filter lenses is identical in that the word "SHADE" is positioned above the word "MASTER" and is slanted to the right with lines through the word which indicate that the Defendant intentionally simulated the MARK used by the Plaintiff in that the Plaintiff's mark is displayed in the substantially identical layout, providing the immediate commercial impression that goods bearing such layout would be associated with and emanate from the Plaintiff.   The use of Defendant's mark in conjunction with the sale of filter lenses in the United States thus constitutes a false designation of origin and is intentionally designed to deceive and has deceived customers and prospective customers into believing that these filters are manufactured by the Plaintiff and, as a consequence, is likely to divert and has diverted customers away from the Plaintiff.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

11

43.   The Plaintiff has been and is being damaged by such false designations of origin by the Defendant and the Plaintiff has no adequate remedy at law and, therefore, the Defendant's unlawful conduct will continue to damage the Plaintiff unless enjoined by this Court.

## FIFTH CAUSE OF ACTION

### False Advertising -- M.G.L. c. 266, Section 91

44.   Plaintiff incorporates by reference paragraphs 1 through 43 herein.

45.   Defendant has advertised its filter lenses within the Commonwealth of Massachusetts by making assertions and representations, as described above, that are false, deceptive, and misleading.

46.   When the Defendant distributed the filters, Defendant knew that the advertisements were deceptive and misleading and Defendant has continued to make deceptive and misleading advertisements, knowing them to be false and unlawful.

47.   In so doing, Defendant has violated G.L. c. 266, Section 91 and continues to do so.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

12

48.   Unless Defendant is enjoined from using further false
and misleading statements about its filters, Plaintiff will
suffer further irreparable harm and damages.

## SIXTH CAUSE OF ACTION

### False Advertising -- the Lanham Act

49.   Plaintiff incorporates by reference paragraphs 1
through 48 herein.

50.   Pursuant to 15 U.S.C. § 1125(a) (the "Lanham Act, §
43(a)"), Defendant is liable to Plaintiff for false advertising
prohibited by that statute.

51.   Plaintiff have been irreparably harmed and has
suffered damages as a result of Defendant's false advertising,
and will continue to be so harmed absent injunctive relief.

## SEVENTH CAUSE OF ACTION

### INTERFERENCE WITH ADVANTAGEOUS RELATIONS

52.   Plaintiff incorporates by reference paragraphs 1
through 51 herein.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

13

53.   Through the above-described conduct, Defendant has tortiously interfered with Plaintiff' existing and prospective business opportunities, relationships and advantages and has used improper, unlawful means to divert the same from Plaintiff to Defendant.

54.   Defendant's conduct has proximately caused Plaintiff to suffer substantial damages.

55.   Plaintiff have suffered irreparable injury as a proximate result of Defendant's unlawful conduct and will continue to do so if Defendant's unlawful conduct is not enjoined.

### EIGHTH CAUSE OF ACTION

### VIOLATION UNDER CHAPTER 93A

56.   Plaintiff incorporates by reference paragraphs 1 to 55 herein.

57.   This is a cause of action for unfair and deceptive trade practices and injury to Plaintiff's business, property and reputation.   Jurisdiction arises under M.G.L. chapter 93A, Secs. 2 and 11.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

**14**

58.    Plaintiff is a person injured in its business and
property by Defendant's unfair and deceptive designation of its
goods with Plaintiff's MARK.  Defendant willfully copied and
adopted Plaintiff's MARK with prior knowledge of Plaintiff's
MARK and proprietary interest therein.  Plaintiff is entitled
under M.G.L., chapter 93A, Sec. 12 to recover its damages,
trebled, together with the costs of this suit, including
reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement and order(s) as
follows:

A.    Enjoining _pendente_ _lite_ and permanently, Defendant,
its agents, servants, employees and attorneys and those persons
and entities in active concert or participation with them who
receive actual notice of the order by personal service or
otherwise from 1) using the name "SHADEMASTER" (however
spelled, whether capitalized, abbreviated, singular or plural,
printed or stylized, whether used alone or in combination with
any words, numbers, or design, and whether used in caption,
text, orally or otherwise), or any reproduction, counterfeit,
copy or colorable imitation thereof, in connection with the
sale, offer for sale, advertisement or promotion of Defendant's
goods;  2) using any marks or designations which are likely to
cause confusion, mistake or deception with respect to trade and

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

15

service marks of Plaintiff;  3) using in connection with
Defendant's goods any false or deceptive designation,
representation or description of Defendant or of its goods,
whether by words or symbols or other representations, which
would damage Plaintiff;  4) engaging in acts of state or common
law trademark/service mark infringement or unfair competition
which injure or would tend to injure Plaintiff;  5) engaging in
acts causing injury to the business reputation of Plaintiff or
dilution of the distinctive quality of Plaintiff's MARK;  6)
trading upon or appropriating the goodwill and business
reputation of Plaintiff; or  7) inducing, encouraging, aiding,
abetting or contributing to any of the aforesaid acts.

  B. Enjoining Defendant from filing or continuing any
applications to register or renewing any registrations of any
mark comprising or including the word "SHADEMASTER" either in
the United States Patent and Trademark Office or in any state.

  C. Ordering that Defendant file with this Court and
serve on counsel within thirty (30) days after service on the
Defendant of such order, or within such extended period as this
Court may direct, a report in writing, and under oath, setting
forth in detail the manner and form in which Defendant had
complied with this order.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

D.    Ordering that all labels, containers, tags, pamphlets, brochures, signs, advertisements and the like in the possession or under the possession, custody or control of Defendant, and all plates, molds, matrices and other means of making the same, which might, if used, violate the order herein granted, be delivered up and destroyed as the Court shall direct.

E.    Ordering that Plaintiff be awarded damages in an amount determined by the Court and an accounting for all Defendant's profits arising from Defendant's acts of trademark infringement, false designation of origin, and unfair competition, and further that said amount of damages be trebled and awarded Plaintiff pursuant to the Eighth Cause of Action.

F.    Awarding Plaintiff the cost of this civil action together with Plaintiff's reasonable attorneys fees.

G.    Granting such other and further relief as the Court may deem equitable and proper.

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

17

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

A.C.E. INTERNATIONAL COMPANY, INC.
By its attorneys,

John H. Pearson, Jr.
BBO #392680
George A. Herbster
BBO #231380
Daniel J. Mansur
BBO #550603
PEARSON & PEARSON, LLP
The Gateway Center
10 George Street
Lowell, Massachusetts  01852
(978) 452-1971

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

18

## VERIFICATION

I, Edward L. Martin, being duly sworn, state that I am the President of the Plaintiff, A.C.E. International Company, Inc., that I am authorized to sign this Complaint on behalf of said Plaintiff, that I have read the foregoing Complaint and noticed the contents thereof; and that I certify to the best of my knowledge and belief that the facts alleged therein are true and that those matters stated to be upon information and belief are believed to be true.


DATED:    2/20/02                          _____
                                           EDWARD L. MARTIN




DJM:C:\DATA\ACE\32521\USDC\COMPLAIN

PEARSON & PEARSON, LLP
PATENT ATTORNEYS
GATEWAY CENTER
10 GEORGE STREET
LOWELL, MA 01852
(978) 452-1971

19

EXHIBIT

A

Blumberg No. 6119

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**Reg. No. 2,208,300**

## United States Patent and Trademark Office

Registered Dec. 8, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## SHADEMASTER

A.C.E. INTERNATIONAL COMPANY, INC.
  (MASSACHUSETTS CORPORATION)
25 WALPOLE PARK SOUTH DRIVE
WALPOLE, MA 02081

  FOR: FILTER LENSES FOR WELDING HEL-
METS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 11-0-1994; IN COMMERCE
12-0-1994.

  SER. NO. 75-296,785, FILED 5-8-1997.

CHERYL S. GOODMAN, EXAMINING ATTOR-
NEY